20188—Ben Konigsberg v. Lamports Co. Motion by defendant in error for leave to file cross-petition in error. Allowed. Dock. 11-24-26, 4 Abs. 805; OS. Pend. 5 Abs. 62.

20188—Ben Konigsberg v. Lamports Co. Motion by plaintiff to dispense with printing record except docket and journal entries of court of appeals and common pleas court. Allowed. Dock. 11-24-26, 4 Abs. 805; OS. Pend. 5 Abs. 62.

20209—Samuel Levinson v. Samuel Jaskuleh et al. Motion for Hamilton Appeals to certify. Overruled. Dock. 12-11-26, 4 Abs. 833.

20213—Cleveland-Akron Bag Co. v. Edward Rodatt. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-14-26, 4 Abs. 833.

20215—H. Mitchell Grunder v. Frances Qeigler, admx. Motion for Columbiana Appeals to certifyy. Overruled. Dock. 12-14-26, 4 Abs. 833.

20216—State of Ohio v. Walter Carr. Motion for leave to file pet. in err. to Butler Appeals. Overruled. Dock. 12-16-26, 4 Abs. 867; OA. 4 Abs. 578.

20217—Mack Ferme v. William E. P. Emler. Motion for Hamilton Appeals to certify. Overruled. Dock. 12-17-26, 4 Abs. 867.

20218—National Life & Accident Insurance Co. v. Lily Ray. Motion for Lucas Appeals to certify. Allowed. Dock. 12-19-26, 4 Abs. 867.

20231—Leroy D. Shannon, etc. v. Universal Mortggae & Discount Co. Motion for Muskingum Appeals to certify. Allowed. Dock. 12-26-26, 5 Abs. 27.

20232—Elmer Osborn v. city of Toledo. Motion for Lucas Appeals to certify. Overruled. Dock. 12-27-26, 5 Abs. 27.

20233—Charlotte Yeiter etc. v. George Weigman. Motion for Crawford Appeals to certify. Overruled. Dock. 12-27-26, 5 Abs. 27; OA. 5 Abs. 52.

20235—Don R. Sipe, assignee, v. Brunswick, Balke & Collander Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-28-26, 5 Abs. 27.

20236—Boone Coal Co. v. Leonard D. Butler et al. Motion for Lucas Appeals to certify. Overruled. Dock. 12-28-26, 5 Abs. 27.

20237—New York Life Insurance Co. v. Anna E. Snyder. Motion for Richland Appeals to certify. Allowed. Dock. 12-28-26, 5 Abs. 27.

20238—Harry S. Welsch et al v. Margaret Hallen. Motion for Franklin Appeals to certify. Overruled. Dock. 12-29-26, 5 Abs. 27. OA. 5 Abs. 53.

20241—William G. Geiger v. Morris Kanig et al. Motion for Crawford Appeals to certify. Overruled. Dock. 12-31-26, 5 Abs. 27.

20254—Industrial Commission of Ohio v. Paul Benco. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 1-6-27, 5 Abs. 27.

## Weekly Abstract of PENDING CASES

EXPLANATION. The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abbreviations, See Ternary Digest, page XII.

### No. 75

MOORE, Admr. v. BLAUSER, Admr.

No. 20172. Supreme Court

On motion to certify. Dock. Nov. 17, 1926, 4 Abs. 774.

473. ESTATES—Where testator provides that widow is to "use" property and has control thereof, is her estate liable for the amount which testator's estate has been diminished, she having been administratrix of her husband's estate?

The decedent, Mary Beem, was the widow of Alonzo Beem, who died in 1917, and she was appointed executrix of his estate and in 1917 her account showed a balance of $30,719.33 due his estate. She died in 1924 and James L. Moore was appointed administrator of her estate.

Moore filed his account showing a difference of $2948.92 between the amount of assets coming into his hands belonging to the estate of Alonzo Beem and the amount shown by Mrs. Beem's first account as belonging to her husband's estate. The Lirking Probate Cosrt made a finding against her estate for this amount.

John Blauser, as the administrator de bonis nom of her husband's estate brought this action in the Licking Common Pleas where a decision was had in his favor. The Court of Appeals affirmed this judgment and error was prosecuted to the Supreme Court.

It is claimed that item 3 of the will of Alonzo eBem provided:—"I give, devise, and bequeath to my wife Mary Beem, the control, use, possession, proceeds and income, all the balance of my property, real, personal and mixed of every description - - - -, and if use, income and proceeds be insufficient for her comfortable support, she may sell - - - - etc." It is contended therefore that the word "use" is susceptible of two intentions on part of the testator. First, that it gave to the widow a right to personal property as may become ne-

cessary for her comfortable support and second it gave her the right to invest and re-invest the corpus as well as the income and proceeds of the personal estate.

It is further urged that, if in re-investing a portion of the personal property, she made a bad investment, her estate should not be held liable; and that the testator never intended she should become personally liable when he gave her the unlimited use and control of the property.

It is contesded that in order for Blauser to recover it must be shown that the widow improperly used a part of the estate and that the loss resulted in consequence.

**Attorneys**—Eugene Moore and Fitzgibbon, Montgomery and Black for Moore; Flory and Flory for Blauser; all of Newark.